UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OMAR SANTA-PEREZ,
    Plaintiff,

vs.

CNBC UNIVERSAL MEDIA, LLC, et al.,
    Defendants.

Case No. 1:18-cv-428
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of North Bend, Ohio, brings this pro se action against CNBC Universal Media, LLC and TD Ameritrade Holding Corporation alleging violations of his rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

2

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following:

Defendants have from March of 2017 maintained electronic watch on communication devices owned by Plaintiff. Defendants operate businesses throughout the United Stated and abroad. The actions taken by Defendants have displaced the private affairs of Plaintiff with objection to the intrusion on the seclusion and publication that would be regarded as offensive by normal person. . . .

1. At the beginning of 2017 Omar Santa-Perez began communication with a girl from a social media platform. Plaintiff and girl exchanged text messages following their introduction. While chatting with the female, Plaintiff was tuned to a broadcasting network that offered media on economic markets. In between news, MSNBC broadcasted the story of an inquiry. Each episode offered new leads to the identity of a guy, that the cast of MSNBC published along with news and information reel. MSNBC was set on finding the guy by utilizing their resources to search for his identity.

2. Escalating the search for the guy with uncovered descriptive details lead MSNBC to the identity of Plaintiff. MSNBC with his real identity gained more insight into Plaintiff through digital aliases discovered. With the knowledge of known digital identities MSNBC broadcasted the use of a computer hack and released full legal identity of the Plaintiff. By obtaining access to the electronic communication of Plaintiff, MSNBC followed its performance with a background of him while broadcasting. The package of Big Data that was gained by MSNBC was so euphoric that they dwelled into the contents of information. Unrestrictive access to the shiniest toy available was so overwhelming that being on live broadcasting publishing privileged information was of no concern.

3. On realization of its action, MSNBC attempted to cover their publication. With a new twist, Omar Santa-Perez was the target of malicious commentary at the ethical actions of past history. Uncovering past faults to smear him of any accomplishments MSNBC ever expanded into dark events of Plaintiffs. Without success to deter audience of the looming cloud that was growing on questionable rights. On continuous assault of character, MSNBC broadcasted the ownership of pornographic material with slanderous onslaught following.

> 4. Plaintiff witnessed the broadcast episode of CNBC Universal Media, LLC through the TD Ameritrade platform with descriptive commentary on his secluded life and talk of his personal computer being hacked. On computer hack, Plaintiff through the TD Ameritrade platform was in binary connection with MSNBC. The following months lead, CNBC Universal Media, LLC parent of MSNBC and subsidiary of Comcast Corporation to access and spy on the Plaintiff's communication devices. Through communication devices CNBC Universal Media, LLC spied into the secluded affairs of Plaintiff with disruptive publication on daily activity with no foreseeable end.

(Doc. 1-1 at PAGEID#: 4-6). Plaintiff alleges claims of "Defamation by Slander on Character," "Invasion of Privacy," "Intrusion on Seclusion," and "Neglect on Security." As relief, plaintiff seeks "[n]o further spying, surveilling, or eavesdropping through the intrusion of electronic devices and may allow Plaintiff to live in peace of prying eyes, ears, and or publication in secluded life" and $3,315,000. (*Id.* at PAGEID#:7).

Plaintiff's pro se complaint is rambling, difficult to decipher, and borders on the delusional. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations generally amount to legal conclusions that in themselves are insufficient to give the defendants or the Court notice of the factual basis for plaintiff's claims. *Twombly*, 550 U.S. at 555. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

In addition, the complaint is subject to dismissal on the alternative ground that it is barred from review under the doctrine of *res judicata,* or claim preclusion, because plaintiff previously filed a complaint with this Court against the same defendants and their affiliates, which was dismissed with prejudice on June 6, 2018 for lack of prosecution. *See Omar Santa-Perez v. NBC Universal, Inc,, et al.,* Case No.1:18-cv-59 (S.D. Ohio) (Dlott, J.; Litkovitz, M.J.) (Docs. 15).

"The doctrine of *res judicata,* or claim preclusion, provides that a final judgment on the

merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley,* No. 97-5961, 1998 WL 681219, at \*2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). The doctrine applies not only to issues which were actually raised and litigated in the prior action, but also to any issues "which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* at \*3 (internal citation and quotation omitted); *see also Parker v. Gibbons,* 62 F. App'x 95, 96 (6th Cir. 2003) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 213 (6th Cir. 1996) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented.")). Consideration of a subsequent complaint is precluded under the *res judicata* doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts." *Browning v. Levy,* 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002) (internal citation and quotation omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006).

The undersigned finds that all four elements necessary for the application of the *judicata* doctrine are present in this case. The dismissal of plaintiff's prior complaint with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b) operated as an adjudication on the merits for *res*

5

*judicata* purposes. *See, e.g., Costello* v. *United States,* 365 U.S. 265, 286 (1961) ("[T]he dismissals enumerated in Rule 41(b) which operate as adjudications on the merits . . . primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action."); *Butler* v. *Dept. of Justice,* 492 F.3d 440, 443 n.6 (D.C. Cir. 2007) (noting that although a dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) "is not, in fact, a decision on the merits" of a claim, it "functions as such for the purposes of claim preclusion"). In addition, the instant case involves the same parties or their privies as the prior action; plaintiff's allegations were or could have been raised in the prior action; and the two actions arise from the same core of operative facts. Therefore, *res judicata* applies to bar the instant complaint.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 6/25/18

Karen L. Litkovitz, Magistrate Judge
United States District Court

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OMAR SANTA-PEREZ,
    Plaintiff,

vs.

CNBC UNIVERSAL MEDIA, LLC, et al.,
    Defendants.

Case No. 1:18-cv-428
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).