UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| OMAR SANTA-Perez, | : | |
| Plaintiff, | : | Case No. 1:18-cv-428 |
| vs. | : | Judge Michael R. Barrett |
| CNBC UNIVERSAL MEDIA, LLC, et al., | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court on Magistrate Judge Karen Litkovitz's June 25, 2018 Report and Recommendation ("Report"). (Doc. 4). The Magistrate Judge recommended that Plaintiff's Complaint be dismissed with prejudice. (*Id.*). For the reasons stated below, the Magistrate Judge's Report is **ADOPTED**.

### I. BACKGROUND

Plaintiff filed a *pro se* Complaint on June 25, 2018, alleging that Defendants CNBC Universal Media, LLC and TD Ameritrade Holding Corporation violated Plaintiff's rights. (Doc. 3). As the Magistrate Judge noted, Plaintiff alleged claims of "Defamation by Slander on Character," "Invasion of Privacy," "Intrusion on Seclusion," and "Neglect on Security." (Doc. 4, PageID 20). As to relief, Plaintiff's Complaint sought $3,315,000 in damages and "[n]o further spying, surveilling, or eavesdropping through the intrusion of electronic devices and may allow Plaintiff to live in peace of prying eyes, ears, and or publication in secluded life." (*Id*). Additionally, Plaintiff filed a Motion Requesting the Appointment of Counsel on June 25, 2018. (Doc. 5).

1

Upon review of Plaintiff's Complaint, the Magistrate Judge concluded that the Complaint failed to state a claim upon which relief may be granted, and therefore should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). Alternatively, the Magistrate Judge found that the Complaint is subject to dismissal under the doctrine of *res judicata* or claim preclusion. (Doc. 4, PageID 20). No objections were filed thereto and the time for filing such objections under Fed. R. Civ. P. 72(b) expired July 9, 2018. Plaintiff did, however, file a request seeking oral hearing on June 26, 2018 to "clear the difficulties that may have arisen in the construct [sic] of the complaint." (Doc. 6 at ¶ 2). The Court will construe the foregoing request for a hearing (Doc. 6) as Plaintiff's objection.

## II. STANDARD

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Plaintiff failed to file formal "objections" to the R&R, but because Plaintiff filed *pro se*, the Court will liberally construe Plaintiff's request for hearing as an objection to the

Report.  Yet, even considering Plaintiff's motion in such favorable light, the Court cannot grant the requested relief.  Plaintiff seeks to use the hearing to "clear any difficulties that may have arisen in the construct [sic] of the complaint." (Doc. 6 at ¶ 2).  However, a plaintiff may not cure defects in his pleadings via an oral hearing—such a procedure would defy the clear mandates of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a); *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 499 (S.D. Ohio 2012) ("As a general rule, it is elementary that the Court does not (and cannot) consider matters outside the four corners of the complaint when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").  Furthermore, Plaintiff offered no objection to the Magistrate Judge's conclusion regarding the preclusive effect of his previous lawsuit filed in federal court.  Upon independent review of the prior complaint,[1] the undersigned wholly agrees with the Magistrate Judge's *res judicata* analysis.  Therefore, even if it were proper to allow amendments to the complaint via oral hearing (which it is not), no amount of testimony in open court would change the fact that the claims are legally barred by the doctrine of *res judicata*.  (Doc. 4, PageID 20).

Accordingly, the Court agrees with the Magistrate Judge that this case must be dismissed, with prejudice, on the merits.[2]

---

[1] *See Omar Santa-Perez v. NBC Universal, Inc., et al.*, Case No. 1:18-cv-59 (S.D. Ohio) (Dlott, J.; Litkovitz, M.J.).

[2] The Court would note that it dismisses based on Fed. R. Civ. P. 12(b)(6), although dismissal based on Fed. R. Civ. P. 25(a)(1) is equally appropriate.  Rule 25 governs dismissal of actions based upon the death of a party.  It is a fact generally known in the territorial jurisdiction of this Court that Mr. Santa-Perez died on September 6, 2018; therefore, the Court may take judicial notice of this fact.  Fed. R. Evid. 201(b), (c).  *See Cincinnati Police ID gunman behind Fifth Third shooting as Omar Enrique Santa-Perez*, WCPO (Cincinnati) News, Sept. 6, 2018, https://www.wcpo.com/news/local-news/hamilton-county/cincinnati/cincinnati-police-id-gunman-behind-fifth-third-shooting-as-omar-enrique-santa-perez (last accessed March 28, 2019).  Under Fed. R. Civ. P. 25, a court is required to dismiss an action by a decedent if a motion for substitution is not made "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). The Court notes that no motion for substitution has been made in this case.   Accordingly, dismissal on procedural grounds is also proper.

## IV. CONCLUSION

Based on the foregoing, Magistrate Judge Litkovitz's June 25, 2018 Report (Doc. 4) is **ADOPTED**. Plaintiff's Motion to Appoint Counsel (Doc. 5) and Motion for Hearing (Doc. 6) are **DENIED**. Accordingly, it is hereby **ORDERED** that Plaintiff's Complaint (Doc. 3) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

                                                  s/*Michael R. Barrett*
                                                  JUDGE MICHAEL R. BARRETT
                                                  UNITED STATES DISTRICT JUDGE